**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JAMES PHILLIPS**,

        Plaintiff,

vs.                                 **CIV. NO.  09-655 JH/DJS**

**ALLIS CHALMERS ENERGY IMC, INC.**,

        Defendant.

**ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* under FED. R. CIV. P. 12(b)(6) on *pro se* Plaintiff James Phillips' Complaint.  On January 6, 2010, the Court issued an Order to Show Cause that gave pro se Plaintiff James Phillips an opportunity to show why his Complaint should not be dismissed for failure to state a claim, for failure to serve the defendants within 120 days of the filing of the Complaint, and for failure to prosecute.  *See* Doc. 8.  The Court explained why the Complaint was deficient and ordered Phillips to attach a copy of his proposed Amended Complaint to his response to the Order to Show Cause.  The Court warned Phillips that, if he failed to respond to the Order within 14 days of its filing, the Court would dismiss his Complaint with no further notice.

On January 21, 2010, the Court received a packet from Phillips containing a set of "exhibits" that included copies of a complaint and other documents that Phillips' counsel had filed in the Labor Relations Division of the State of New Mexico's Department of Workforce Solutions regarding Phillips' claims against Defendant Allis-Chalmers Energy; documents from a 2006 claim against a different employer; receipts from turning in uniforms, and a list of phone numbers.  *See* Doc. 9. The Court liberally construed this packet as a response to the Order to Show Cause, although Phillips did not include in the packet anything indicating that he intended it to be a response.

Phillips did not include in the packet a proposed Amended Complaint.

Because Phillips failed to submit an Amended Complaint and the Court has concluded that his Complaint contains "no factual allegations whatsoever, he has not filed a complaint that meets the pleading standards set forth in FED. R. CIV. P. 8, and the Complaint must be dismissed" under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Because Phillips has been given an opportunity to amend but failed to take advantage of it, the Complaint will be dismissed with prejudice.

**IT IS ORDERED THAT** Phillips' Complaint is DISMISSED without prejudice for failure to state a claim, and any pending motions are denied as moot.

_____
UNITED STATES DISTRICT JUDGE